UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 07-80435-CIV-HURLEY/HOPKINS

BOLDSTAR TECHNICAL, LLC, a Florida
limited liability company, and MICHAEL S.
POWELL, an individual,

       Plaintiffs,

vs.

THE HOME DEPOT, INC., a Delaware
corporation; and INDUSTRIAPLEX, INC., a
Delaware corporation,

       Defendants.
_____ /

## DEFENDANT THE HOME DEPOT, INC.'S MOTION TO DISMISS COUNTS IV AND V OF PLAINTIFFS' COMPLAINT WITH PREJUDICE AND INCORPORATED MEMORANDUM OF LAW

Pursuant to Federal Rule of Civil Procedure 12(b)(6) and S.D. Fla. L.R. 7.1, Defendant, The Home Depot, Inc. ("Home Depot"), moves to dismiss the conspiracy and fraud claims asserted in the Complaint brought by Boldstar Technical, LLC, and Michael S. Powell (collectively "Plaintiffs"). In support of this motion, Home Depot states the following:

### I. INTRODUCTION

In Count IV, Plaintiffs allege a claim for conspiracy to commit patent infringement. However, this claim should be dismissed for failure to state a claim. Patent rights are governed entirely by federal statutes. There is no federal statute which gives rise to a cause of action for conspiracy to commit patent infringement. Additionally, federal patent laws preempt this cause of action.

In Count V, Plaintiffs allege a claim for fraudulent inducement based upon a purported oral promise. Even assuming *arguendo* that such a promise was made (which is denied), it is within the terms of Florida's statute of frauds and is unenforceable. Florida law does not permit a fraud claim to stand when it is predicated on an unenforceable oral promise. Therefore, Count V should also be dismissed.

## II. BACKGROUND

On May 17, 2007, Plaintiffs filed a complaint against Home Depot and Industriaplex, Inc. ("Industriaplex"), alleging patent infringement under 35 U.S.C. §§ 271(a), (b) and (c), and conspiracy to commit patent infringement under Florida common law. Plaintiffs' complaint also asserts a state law claim against Home Depot for fraud and a claim against Industriaplex for tortious interference with a business relationship. Plaintiffs seek injunctive relief, monetary damages, disgorgement of profits and attorneys' fees. *See* Compl. at ¶¶ 44 – 83.

Plaintiffs' Complaint makes the following allegations[1]:

- In July 2004, a representative from Home Depot's Purchasing Department informed Michael Powell ("Powell"), one of the founders of Boldstar Technical, LLC ("Boldstar"), that Home Depot's Chief Executive Officer had issued a safety directive in connection with radial arm saws used by Home Depot in its stores. *See* Compl. at ¶¶ 13 and 18.

- Powell successfully designed a safety top apparatus prototype for the radial arm saws used by Home Depot, termed the apparatus "Safe Hands," and after a demonstration of the prototype, Home Depot issued purchase orders for eight "Safe Hands" units. *Id.* at ¶¶19, 23, and 25-26.

- Home Depot promised that it would purchase "Safe Hands" units for all of its nationwide stores if the first eight units proved to be successful, and that as a result of this promise Plaintiffs were induced to produce and install eight "Safe Hands" devices in Home Depot stores located in Atlanta and Los Angeles. *Id.* at ¶¶ 26-27, 77-79.

---

[1] Although the court must accept these factual allegations as true for purposes of resolving this Rule 12(b)(6) motion to dismiss, Home Depot contests these allegations. *See Marshall County Bd. of Educ. v. Marshall County Gas Dist.,* 992 F.2d 1171, 1174 (11th Cir. 1993) ("The factual allegations in the complaint must be taken as true for purposes of a motion to dismiss.").

- Powell filed a patent application for this product on August 31, 2004 and the application was granted by the United States Patent and Trademark Office on May 16, 2006 when it issued Patent No. 7,044,039. *Id.* at ¶¶ 23 and 41.

- The "Safe Hands" units were successful and Home Depot initiated negotiations for the purchase of "Safe Hands" units for all of its nationwide stores. *Id.* at ¶ 29.

- Home Depot offered to pay $1200 per unit, but Plaintiffs told Home Depot that the offer was too low as the production cost of only one "Safe Hands" unit exceeded this amount. *Id.* at ¶ 30.

- Home Depot and Industriaplex conspired to infringe Plaintiffs' patent by having Industriaplex copy the design of the "Safe Hands" unit without Plaintiffs' consent. *Id.* at ¶¶ 32, 70-74.

- Industriaplex manufactured and sold copied units of the radial arm saw safety apparatus to Home Depot. *Id.* at ¶¶ 70-74

### III. LEGAL STANDARD

If the facts alleged in a complaint do not sufficiently set forth the essential elements of a cause of action, a motion to dismiss should be granted. *See Rosa v. Amoco Oil Co.*, 262 F. Supp. 2d 1364, 1365 (S.D. Fla. 2003); *accord Flint v. ABB, Inc.*, 337 F.3d 1326, 1328-29 (11th Cir. 2003) (noting that a claim should not be dismissed pursuant to Rule 12(b)(6) unless it cannot be amended to state a cause of action). "Regardless of the alleged facts, however, a court may dismiss a complaint on a dispositive issue of law." *Dewitt v. Daley*, 336 B.R. 552, 554 (S.D. Fla. 2006). *See also Marshall County Bd. of Educ.*, 992 F.2d at 1174 ("[T]he court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action.").

## IV.   ARGUMENT

### A.   COUNT IV OF THE COMPLAINT ALLEGING CONSPIRACY TO INFRINGE PLAINTIFF'S PATENT IS UNSUSTAINABLE AS A MATTER OF LAW

Plaintiffs' state-law conspiracy claim cannot be sustained for two reasons.  First, there is no legal support for a claim for conspiracy to infringe a patent.  Second, Plaintiffs' state-law conspiracy claim is preempted by federal patent law.

"[P]atent rights are purely statutory." *The Celotex Corp. v. V.E. Power Door Corp.,* 1979 U.S. Dist. LEXIS 11119, at * 4 (E.D.N.Y. July 11, 1979) (citing *Deepsouth Packing Co. v. Laitram Corp.,* 406 U.S. 518, 173 U.S.P.Q. 769 (1972)).  There is "no statute in the federal laws concerning patents which give rise to a cause of action for 'conspiracy'." *ENM Co. v. Transformer Mfrs., Inc.,* 1977 U.S. Dist. LEXIS 17526, at *2 (N.D. IL February 3, 1977) (granting defendants' motion to dismiss plaintiff's conspiracy to infringe claim for failure to state a cause of action).  Therefore, conspiracy to infringe a patent is "a theory which has no basis in law," and a claim based upon such a theory is not a valid cause of action. *Int'l Rectifier Corp. v. Samsung Elec. Co. Ltd.,* 361 F.3d 1355, 1361 (Fed. Cir. 2004) ("The district court's 'subversion by agreement' theory is tantamount to conspiracy to infringe a patent, a theory which has no basis in law."). *See also Celotex Corp.*, 1979 U.S. Dist. LEXIS 11119, at *4 ("Lacking any statutory support, the count of the complaint alleging conspiracy to infringe plaintiff's patent must be dismissed for failure to state a claim."); *Rainville Co., Inc. v. Consupak, Inc.*, 407 F. Supp. 221, 223 (D.N.J. 1976) ("Evidence of conspiracy might be relevant to the issue of punitive damages for willful, malicious action in a civil action, but would not constitute a separate ground for recovery.").

Applying these principles to this case, dismissal of Count IV is warranted.  A review of Count IV reveals that the conspiratorial act allegedly committed by Home Depot and

Industriaplex was a purported plan to "infringe/copy the 'Safe Hands' unit without Plaintiffs' knowledge or consent." See Compl. at ¶ 71. Thus, Plaintiffs' civil conspiracy count is predicated entirely on allegations of patent infringement. As set forth above, a civil conspiracy claim based upon an alleged patent infringement does not give rise to a cause of action. Plaintiffs' civil conspiracy claim should therefore be dismissed on this ground alone.

However, in addition to the fact that there is no basis in law for a conspiracy to commit patent infringement, Count IV is also preempted by federal patent law. A state law claim for conspiracy to infringe a patent is preempted by federal patent laws when the conspiracy claim does not implicate any tort outside of infringement and provides for damages beyond those contemplated by federal patent laws. See Digene Corp. v. Ventana Med. Systems, Inc., 476 F.Supp. 2d 444, 451 (D. Del. 2007) (dismissing plaintiff's civil conspiracy claim and holding that it is preempted by federal patent law because plaintiff's state-law "conspiracy to infringe a patent claim does not include additional elements not found in plaintiff's federal patent law causes of action."); See also, Mopex, Inc. v. Chicago Stock Exchange, Inc., et al., 2003 U.S. Dist. LEXIS 2807 at *25 (N.D. IL February 25, 2003) (dismissing plaintiffs' conspiracy to commit patent infringement claims and holding that "[s]tate claims cannot simply duplicate federal infringement claims and provide extra damages."); Rodime PLC v. Seagate Tech., Inc., 174 F.3d 1294 (Fed. Cir. 1999) (noting that state law claims must entail elements in addition to the patent laws to avoid preemption).

In Mopex, Inc., the Court dismissed an Illinois civil conspiracy claim based on preemption by the federal patent laws. See Mopex, Inc., 2003 U.S. Dist. LEXIS at *19-20. The Mopex Court determined that plaintiffs' civil conspiracy claim "must be preempted because it is symmetrical with infringement and allege[d] nothing in addition to that required by the patent

laws." *See Id*. at *20 (citing *Rodime PLC,* 174 F.3d at 1306). In reaching its decision, the court reasoned that:

> [t]he state claim as pleaded is duplicative with federal patent law.
>
> …
>
> This claim could not survive through final judgment and provide damages separate from infringement. If Congress had intended for patent owners to receive twice the amount of infringement damages sustained, it would have stated so. Plaintiffs also cannot use the possible existence of a conspiracy as a reason for extra damages, because the federal patent laws already provide for willful infringement under 35 U.S.C. § 284. Thus the idea that a conspiracy to infringe is somehow more insidious than simple infringement is already captured by the trebled damages for willfulness available under the federal statute.

*Id* at *19-20. Other courts have also applied this reasoning. *See Digene Corp.*, 476 F.Supp. 2d at 450 – 51 (granting defendant's motion to dismiss the Delaware civil conspiracy claim as duplicative of plaintiff's patent infringement claim and preempted by federal patent law); *Synoptic Pharm. Corp. v. MDS Panlabs, Inc.*, 265 F.Supp. 2d 452, 467 (D. N.J. 2002) (granting summary judgment and dismissing plaintiff's conspiracy to commit patent infringement claim as being nothing more than a contributory infringement claim pursuant to federal patent law, 35 U.S.C. § 271(c)).

Similarly, Plaintiffs' civil conspiracy claim here is preempted by the federal patent laws. Like the Illinois civil conspiracy law considered by the district court in *Mopex*[2], the elements of a claim for civil conspiracy under Florida law are: "(a) a conspiracy between two or more parties, (b) to do an unlawful act or to do a lawful act by unlawful means, (c) the doing of some overt act in pursuance of the conspiracy, and (d) damage to plaintiff as a result of the acts done under the

---

[2] Under Illinois law, a civil conspiracy claim "must include (1) an agreement by two or more parties to do an unlawful purpose; and (2) at least one tortious act by one of the parties in furtherance of that agreement." *Mopex, Inc.,* 2003 U.S. Dist. LEXIS at *11.

conspiracy." *Florida Fern Growers Ass'n v. Concerned Citizens of Putnam Cty.,* 616 So. 2d 562, 565 (Fla. 5th DCA 1993). *See also, Amer. United Life Ins. Co. v. Martinez,* 480 F.3d 1043, 1067 (11th Cir. 2007) ("The elements that a plaintiff must allege for a conspiracy claim are that 1) two or more parties 2) agree 3) to commit an unlawful act. Under Florida law, the 'gist of a civil conspiracy is not the conspiracy itself but the civil wrong which is done through the conspiracy which results in injury to the Plaintiff.'") (citing *Czarnecki v. Roller,* 726 F.Supp. 832, 840 (S.D. Fla. 1989) (citations omitted).

In support of their civil conspiracy claim, Plaintiffs allege that Defendants: (1) agreed to the unlawful purpose of infringing/copying the "Safe Hands" unit; and (2) furthered this purpose by infringing/copying, manufacturing and selling the copied "Safe Hands" unit. *See* Compl. at ¶¶ 70 – 74. Just as in *Mopex, Inc.,* Plaintiffs' civil conspiracy count here fails to allege any additional elements to be proven from those required by the patent laws. Since Plaintiffs' civil conspiracy claim is duplicative of its patent infringement claim (Counts I and II), it is preempted by the federal patent laws and should be dismissed.

**B.    COUNT V OF THE COMPLAINT ALLEGING FRAUD IS UNSUSTAINABLE AS A MATTER OF LAW**

Plaintiffs' fraud claim is predicated on an oral promise that is within Florida's Statute of Frauds. It is therefore barred and must be dismissed.

"The Florida rule is that the statute of frauds may not be avoided by a suit for fraud based on oral representations." *Ashland Oil, Inc. v. Pickard,* 269 So. 2d 714, 721-22 (Fla. 3d DCA 1972) (citing *Canell v. Arcola Housing Corp.,* 65 So. 2d 849, 851 (Fla. 1953). *See also Eclipse Med. Inc. v. Amer. Hydro-Surgical Instruments, Inc.,* 262 F.Supp.2d 1334, 1346 (S.D. Fla. 1999) (citing *Ostman v. Lawn,* 305 So. 2d 871, 872 (Fla. 3d DCA 1974)) ("Florida law is clear that the statute of frauds cannot be circumvented by suing for fraud when the action is predicated upon

an oral agreement unenforceable under the statute of frauds."). The manner in which "a plaintiff fashions a claim does not determine the applicability of the Statute [of Frauds]." *Eclipse Med. Inc.,* 262 F.Supp.2d at 1345. (following *Ostman, supra,* and holding that "Florida law explicitly prohibits a plaintiff from reformulating an oral contract as a misrepresentation for the purpose of avoiding the Statute of Frauds."). *See also Topp, Inc. v. Uniden America Corp.,* 2007 U.S. Dist. LEXIS 31204, at *29 (S.D. Fla. March 29, 2007) ("The alleged oral agreements which form the basis of the fraud claims are unenforceable. Plaintiff cannot avoid the Statute of Frauds by restating its breach of contract claim as a tort."); *Behrman v. Allstate Life Ins. Co.,* 388 F.Supp.2d 1346, 1352 (S.D. Fla. 2005) (granting defendants' motion to dismiss fraud claim and holding that "[p]laintiff cannot avoid the operation of the statute of frauds with respect to this purported oral contract by asserting fraud or fraudulent inducement claims.").

Florida Statute § 672.201(1), provides, in pertinent part, that:

> a contract for the sale of goods for the price of $500 or more is not enforceable . . . unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought . . . .

*See* Fla. Stat. § 672.201 (2007), Uniform Commercial Code: Sales, Article II.

In the Complaint before this Court, Plaintiffs allege that Home Depot promised to purchase "Safe Hands" units for all of its nationwide stores if the first eight units proved to be successful. *See* Compl. at ¶¶ 27 and 78. They further allege that, as a result of this promise, Plaintiffs were induced to produce and install eight "Safe Hands" devices in Home Depot stores. *Id.* at ¶¶ 26-27, 77-79. Plaintiffs also assert that the production cost of each "Safe Hands" unit exceeded $1200. *Id.* at ¶ 30. Thus, according to the Plaintiffs' own allegations, the purported oral promise made by Home Depot pertained to the sale of goods for a price of $500 or more.

As such, the purported promise falls within Florida's Statute of Frauds and is unenforceable because it was not reduced to writing.

Applying these principles to this case, dismissal of Count V is warranted. As set forth above, Plaintiffs' fraud claim is predicated on an oral promise for the sale of goods for $500 or more. Since there is no writing evidencing this purported oral promise, Plaintiffs attempt to circumvent the Statute of Frauds by pleading its claim in a fraud count. In essence, Plaintiffs are attempting to recover in tort for breach of an unenforceable contract. Florida law prohibits such an attempt. Accordingly, Plaintiffs' fraud count should be dismissed.

### IV.    CONCLUSION

For the foregoing reasons, Defendant, The Home Depot, Inc., respectfully requests that this Court enter an order dismissing with prejudice Counts IV and V of Plaintiffs' Complaint, and for such other and further relief the Court deems appropriate.

Respectfully submitted,

s/Edward A. Moss
EDWARD A. MOSS
Florida Bar No. 057016
emoss@shb.com
EILEEN TILGHMAN MOSS
Florida Bar No. 570524
elmoss@shb.com
HEATHER COHEN SZKARADEK
Florida Bar No. 0934267
Hcohen@shb.com
SHOOK, HARDY & BACON, L.L.P.
Miami Center, Suite 2400
201 South Biscayne Boulevard
Miami, Florida  33131-4332
Phone:  305-358-5171
Fax:  305-358-7470

**ATTORNEYS FOR DEFENDANT
THE HOME DEPOT, INC.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of July, 2007, I electronically filed the foregoing with the Clerk of the Court by using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing, if any.

        s/Edward A. Moss_____
        Edward A. Moss

-11-

## SERVICE LIST

### BOLDSTAR TECHNICAL, LLC V. THE HOME DEPOT, INC., ET AL.
### CASE NO.: 07-80435-CIV-HURLEY/HOPKINS

**Peter G. Herman, Esquire**
pgh@trippscott.com
**Alexander D. Brown, Esquire**
adb@trippscott.com
**TRIPP SCOTT, P.A.**
110 S.E. Sixth Street. 15th Floor
Ft. Lauderdale, FL  33301
Telephone:     954-525-7500
Facsimile:     954-761-8475
**Counsel for Plaintiffs**
**Boldstar Technical, LLC and**
**Michael S. Powell**
*Notice of Electronic Filing*
*generated by CM/ECF*

**John Cyril Malloy, III, Esquire**
jcmalloy@malloylaw.com
**David A. Gast, Esquire**
dgast@malloylaw.com
**MALLOY & MALLOY, P.A.**
2800 S.W. Third Avenue
Miami, FL  33129
Telephone:     305-858-8000
Facsimile:     305-858-0008
**Counsel for Defendant**
**Industriaplex, Inc.**
*Notice of Electronic Filing*
*generated by CM/ECF*