UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 07-80435-CIV-HURLEY/HOPKINS

| | |
|---|---|
| MICHAEL S. POWELL, an individual, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) ) |
| THE HOME DEPOT U.S.A., INC., a Delaware corporation, and INDUSTRIAPLEX, INC., a Delaware corporation, | ) ) ) ) ) |
| Defendants. | ) ) ) |

**DEFENDANTS' RESPONSE TO POWELL'S *MARKMAN* HEARING BRIEF AND MOTION TO STRIKE PORTIONS OF PLAINTIFF'S SUPPLEMENTAL EXPERT REPORT**

Defendants The Home Depot U.S.A., Inc. and Industriaplex, Inc. respond to Plaintiff's *Markman* Hearing Brief and respectfully move to strike portions of the supplemental expert report of Robert E. Pershes (DE 230-6), filed as an exhibit to Plaintiff's *Markman* Hearing Brief (DE 230).

Defendants have offered their proposed claim construction and supporting evidence in their motion for summary judgment of noninfringement, their response to Plaintiff's motion for summary judgment of infringement, and Industriaplex's *Markman* claim construction brief. *See* DE 159, 205, and 197. Defendants also provided argument at the Court's hearing on May 15, 2008. Defendants respectfully suggest that further briefing on the issue is not necessary.

Defendants are compelled, however, to respond to the improper submission of a supplemental report from Plaintiff's purported expert. At the *Markman* claim construction

-1-

hearing on May 15, 2008, Plaintiff requested leave to file a brief addressing claim construction. The Court granted Plaintiff's request. But instead of limiting their filing to the issue for which he sought leave—specifically, claim construction—Plaintiff took advantage of the opportunity provided the Court by submitting a supplemental *infringement* report from Plaintiff's purported expert addressing, for the first time, the application of the doctrine of equivalents ("DOE") to several disputed limitations of the '039 patent, including the "table top," "dust collection structure," and other claim limitations. *See* DE 230-6 at 1 (addressing the "application of the Doctrine of Equivalents to the terms").

Rule 26(a)(2)(B) dictates that the parties and their experts must submit reports containing "a <u>complete statement of all opinions</u> the witness will express and <u>the basis and reasons</u> for them." Fed. R. Civ. P. 26(a)(2)(B) (emphasis added). Pursuant to this rule and the Court's scheduling orders, DE 9 and DE 59, the parties provided their Rule 26(a)(2)(B) expert reports on April 28, 2008. See DE 158-12 (Plaintiff's report); DE 159-26 (Defendants' report). In its order, the Court notes that the parties' expert reports were to "conform to the prescriptions of this Rule" and emphasized that "[t]his requirement will be strictly enforced." DE 9 at 3. Plaintiff therefore was required—as the party bearing the burden of proving infringement—to submit a report from his expert addressing how each and every limitation was allegedly met either literally or under the doctrine of equivalents. *See, e.g., Liquid Dynamics Corp. v. Vaughan Co., Inc.*, 355 F.3d 1361, 1367 (Fed. Cir. 2004) ("To prove infringement, the patentee must show that the accused device meets each claim limitation, either literally or under the doctrine of equivalents."). Notably, neither Plaintiff nor his purported "expert" offered substantive evidence

-2-

LAW OFFICES
SHOOK, HARDY & BACON LLP
MIAMI CENTER, SUITE 2400, 201 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-4332 • TELEPHONE (305) 358-5171
578619v1

or argument about the DOE on a limitation-by-limitation basis[1] in his initial expert report. *See* DE 158-12 at 17-18 (Robert Pershes letter dated 4/28/08).

Now, Plaintiff and his expert improperly offer new *infringement* opinions under the guise of a *claim construction* brief.[2] If Plaintiff wished to attempt to apply the DOE to the "table top," "dust collection structure," and other claim limitations, however, he was obligated to provide evidence and opinions about those issues in his summary judgment motion and his expert report submitted in support of that motion. He failed to do so. *See* DE 158-1 at 37; DE 158-12 at 17-18. Now that summary judgment briefing is closed, it would be improper and highly prejudicial if Plaintiff was permitted to attempt to shore up his specious infringement case by introducing new opinions and theories about how each claim limitation is purportedly met either literally or under the DOE. As Plaintiff himself noted recently in a motion to strike, the "procedurally correct method to raise these particular issues" was for the party "to raise these points in their previously filed" motion for summary judgment" and that "by failing to raise those issues in their summary judgment motion, the same should be stricken…" DE 229 at 1 n. 2. Plaintiff should be held to the same standard he now espouses.

For the foregoing reasons, the portions of Plaintiff's supplemental expert report under the headings "Doctrine of Equivalents" and "Means for Analysis"—both of which are directed to the

---

[1] At most, Plaintiff's purported expert offers a conclusory opinion about how the "push handle" limitation is purportedly met under the doctrine of equivalents. *See* DE 158-12 at 8-10, 17-18 (invoking but not substantively applying the "function-way-result" test to each claim limitation).

[2] Claim construction and infringement are separate and distinct inquiries, and Plaintiff and his expert were required to provide separate and distinct evidence, bases, and reasons for each. See, e.g., Mars, Inc. v. H.J. Heinz Co., 377 F.3d 1369, 1373 (Fed. Cir. 2004) ("Determination of patent infringement requires a two-step analysis: (1) the scope of the claims must be construed; and (2) the allegedly infringing device must be compared to the construed claims.").

-3-

LAW OFFICES
SHOOK, HARDY & BACON LLP
MIAMI CENTER, SUITE 2400, 201 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-4332 •TELEPHONE (305) 358-5171

578619v1

doctrine of equivalents and the "function-way-result" test—should be stricken.  *See* DE 230-6 at

1-4.

DATED:  June 16, 2008

Respectfully submitted,

By:  s/Eileen Tilghman Moss
    Edward A. Moss
    Eileen Tilghman Moss
    Heather Cohen Szkaradek
    SHOOK, HARDY & BACON, L.L.P.
    Miami Center, Suite 2400
    201 South Biscayne Boulevard
    Miami, Florida 33131-4332
    Telephone: (305) 358-5171
    Facsimile: (305) 358-7470

    B. Trent Webb
    Bart A. Start
    Kenneth P. Kula
    SHOOK, HARDY & BACON, L.L.P.
    2555 Grand Boulevard
    Kansas City, Missouri 64108

**ATTORNEYS FOR DEFENDANT
THE HOME DEPOT U.S.A., INC.**

By: s/Andrew W. Ransom
    John Cyril Malloy, III
    Florida Bar No. 964,220
    jcmalloy@malloylaw.com
    Andrew W. Ransom
    Florida Bar No. 964,344
    aransom@malloylaw.com
    Malloy & Malloy, P.A.
    2800 S.W. 3rd Avenue
    Miami, FL 33129
    Telephone:  (305) 858-8000
    Facsimile: (305 858-0008

**ATTORNEYS FOR DEFENDANT
INDUSTRIAPLEX, INC.**

CASE NO. 07-80435-CIV-HURLEY/HOPKINS

## CERTIFICATE OF SERVICE

       I hereby certify that on June 16, 2008, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is begin served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

| COUNSEL FOR PLAINTIFFS | Catherine S. Hoffman, Esquire |
|---|---|
| Alexander D. Brown, Esq. | cathy@mayback.com |
| adb@trippscott.com | Gregory L. Mayback, Esquire |
| Tripp Scott, P.A. | greg@mayback.com |
| 110 Southeast Sixth Street, 15th Floor | MAYBACK & HOFFMAN, P.A. |
| Fort Lauderdale, FL  33301 | 5722 S. Flamingo Road, #232 |
| Fax:  954-761-8475 | Ft. Lauderdale, FL 33330 |
| | Telephone:  954-704-1599 |
| | Facsimile:   954-704-1588 |

          s/ Eileen Tilghman Moss
            Eileen Tilghman Moss