UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

MICHAEL S. POWELL, an individual,

Plaintiff/Counter-Defendant,

vs.

THE HOME DEPOT USA, INC., a Delaware corporation; and INDUSTRIALPLEX, INC., a Delaware corporation,

Defendant(s)/Counter-Plainitffs.
_____/

CASE NO.: 07-80435-CIV-
              HURLEY/HOPKINS

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MARKMAN HEARING BRIEF AND RESPONSE TO DEFENDANTS' MOTION TO STRIKE PORTIONS OF PLAINTIFF'S SUPPLEMENTAL EXPERT REPORT**

Plaintiff, MICHAEL S. POWELL, an individual ("Plaintiff"), by and through the undersigned, hereby files the instant Reply to the Response to Powell's *Markman* Hearing Brief and the Motion to Strike incorporated therein and filed by Defendants' The Home Depot U.S.A., Inc. and Industriaplex, Inc. (hereinafter "Defendants"). [D.E. 251].

**Introduction**

Respectfully, upon examination of Defendants' Response to Plaintiff's *Markman* brief, it becomes unequivocal that its substance is completely devoid of legal merit regarding Plaintiff's proffered claim construction. Indeed, and quite significantly, the Response provides absolutely no citation to legal authority or applicable rules when moving to strike portions of Plaintiff's Expert Report of Robert Pershes. [D.E. 251 at 3]. To this end, it is well settled that any argument seeking to strike an Expert report must be supported by at least *some* authority.

Furthermore, Plaintiff submits that Defendants' Motion to Strike should be denied, not only for its lack of citation to legal authority, but also for a number of other reasons, including:

1) Defendants Provide Inapposite case law Regarding the "Doctrine of Equivalents";

2) Defendants have misinformed the Court of facts surrounding the introduction of the "Doctrine of Equivalents" and "means-plus-function" into the case;

3) Mr. Pershes' supplemental and rebuttal Expert Report was filed *timely*; and

4) Defendants' Motion to Strike Evidence does not even make an attempt to allege harm, unfair surprise, undue delay, or prejudice to Defendants, *as required*.

For the reasons that follow, this Court should deny Defendants' Motion to Strike portions of Plaintiff's Expert Report of Robert Pershes dated May 30, 2008. Anything less would condone Defendants' abuse of motion practice by filing a meritless Motion to Strike.

## CASE LAW DOES NOT SUPPORT DEFENDANTS' CONTENTIONS

Defendants conveniently omit citation or discussion to authoritative case law on when the issue of "Doctrine of Equivalents" can be argued and injected into a case. In this vein, courts have continually rejected assertions (*similar to the one presently espoused by Defendants*) that failure to plead infringement under the Doctrine of Equivalents in a complaint bars a plaintiff from raising the issues in response to substantive motions raised later in the case. *See, e.g., Revlon Consumer Prods. Corp. v. Estee Lauder Cos.*, 2003 U.S. Dist. LEXIS 13004, 2003 WL 21751833 (S.D.N.Y. July 30, 2003); *Liquid Dynamics Corp. v. Vaughan Co.*, 2002 U.S. Dist. LEXIS 14102, 2002 WL 1769979 at *8 (N.D. Ill. Aug. 1, 2002), *vacated & remanded on other grounds,* 355 F.3d 1361 (Fed. Cir. 2004); *U.S. Gypsum Co. v. LaFarge N.Am., Inc.* , 508 F. Supp. 2d 601 (N.D. Ill. 2007).

A plaintiff **is not required** to expressly refer to the Doctrine of Equivalents in a complaint alleging infringement under 35 U.S.C. § 271. *See id.* Notably, although not the case here, the Southern District of Florida has even allowed expert testimony on the Doctrine of Equivalents **to be introduced at trial even when the expert did not offer an opinion on the Doctrine of Equivalents in its expert report or during its deposition**. *Arlaine & Gina Rockey, Inc. v. Cordis Corp.*, 2004 U.S. Dist. LEXIS 30763 (S.D. Fla. Jan. 5, 2004). This is because such obstruction would only "sandbag" a party attempting to fairly present and prosecute their case.

Tellingly, Defendants cite *Liquid Dynamics Corp. v. Vaughan Co.*, 355 F. 3d 1361, 1367 (Fed. Cir. 2004) in support of their claim that Plaintiff's supplemental/rebuttal report must be stricken. Importantly, however, the *Liquid Dynamics* case **did not** involve the striking of expert testimony and **did not** address any issues related to the timeliness of introducing evidence on the Doctrine of Equivalents. At most, the *Liquid Dynamics* case stands for the basic proposition that "[t]o prove infringement, the patentee must show the accused device meets each claim limitation, either literally or under the doctrine of equivalents." 355 F. 3d at 1367. Moreover, in *Liquid Dynamics*, the Federal Circuit reversed the district court's order granting summary judgment of non-

infringement. Similarly, the *only* other case cited by Defendant also involved the Federal Circuit's reversal of a grant of summary judgment of non-infringement on the basis of the Doctrine of Equivalents. *Mars, Inc. v. H.J. Heinz Co.*, 377 F. 3d 1369, 1373 (Fed. Cir. 2004). Remarkably, neither case cited by Defendants dealt with the striking of an expert report or testimony, nor is either supportive of Defendants' attempts to have the expert report of Mr. Pershes' stricken. Thus, Defendants' cases cannot support Defendants' attempts to strike Mr. Pershes' Expert Report, or in any way defeat Plaintiff's claim construction as presented in Plaintiff's *Markman* Brief.

### THE "DOCTRINE OF EQUIVALENTS" AND "MEANS FOR ANALYSIS" ARE NOT "NEW" THEORIES AS POSITED BY DEFENDANTS

Although suggested by Defendants to the contrary, the Doctrine of Equivalents is not a "new" theory being presented in this case. At bar, pursuant to the notice pleading requirements of the federal rules, Plaintiff properly alleged an action for patent infringement. *See* [D.E. 1]. Thereafter, during the course of responding to Defendants' discovery requests, Plaintiff, on **four (4) separate occasions**, made it clear that in the unlikely event literal infringement could not be proven, infringement would still exist under the equivalents test. *See* [D.E. 229-3]. Clearly, Plaintiff unequivocally advised Defendants of the intent to rely on the Doctrine of Equivalents if literal infringement could somehow not be proved.

Further, since identifying the Doctrine of Equivalents during discovery as an alternative theory of liability, Plaintiff has sought to discover the claims analysis relied upon by Defendants, but Plaintiff has been met with resistance. Indeed, at the time Plaintiff filed Mr. Pershes' Expert Report on April 25, 2008 (the same day the Defendants' Expert Report was filed and just three days before each party filed their respective Summary Judgment Motions), Plaintiff could not have known if reliance on the Doctrine of Equivalents was pertinent to the Summary Judgment proceedings. In fact, Plaintiff did not even know whether Defendants would challenge, <u>in whole or in part</u>, any aspect of the claims analysis in Plaintiff's claims chart, *as Defendants refused to provide their respective claims analysis, and the same was not revealed until the filing of their Expert Report and Summary Judgment Motion*.

Moreover, it was not until the May 15, 2008 *Markman* hearing conducted by this Court that Defendants provided Plaintiff with an analysis (*albeit skewed*) of the claims of the subject '039 Patent. In fact, Defendants waited to file their claims analysis and chart (in the form of a *Markman* brief) until 4:00 a.m. on the day of the *Markman* hearing -- Defendants did not provide a copy of this brief to Plaintiff before the *Markman* Hearing. The claims analysis revealed by Defendants for the first time during the summary judgment and *Markman* phases of this case was the necessary impetus

requiring a more descriptive explanation and analysis of Plaintiff's position that the accused infringing device infringes, *at a bare minimum*, under the Doctrine of Equivalents. Accordingly, in Plaintiff's responsive pleadings to Defendants' Summary Judgment and *Markman* briefings, Plaintiff timely explained, *in further detail*, his position with respect to said doctrine. *See* [D.E. 230, 233].

Thus, not only has Plaintiff advised Defendants of the intent to rely on the Doctrine of Equivalents in the unlikely event that literal infringement is found not to exist, Plaintiff has also addressed this topic in its recent briefings submitted to this Court. Indeed, the doctrine has accounted for a large portion of the arguments in briefs submitted by each party, *not just Plaintiff*. *See* [D.E. 158, 159, 203, 205]. Additionally, in light of the posture of the case, and the sudden and late revelation of Defendants' claims construction theories, Plaintiff also employed his expert, Robert Pershes, to provide a supplemental/rebuttal report to address, *amongst other things*, this very topic. *See* [D.E. 230-5]. This report was also provided to Defendants in a timely fashion. *See* FED. R CIV. P. 26(a)(2)(C)(ii) (an expert may rebut or contradict subject matter identified by another party, and such rebuttal evidence can be submitted **30 days after** the other party's disclosure of the subject matter being rebutted).

Ultimately, based on these facts, one cannot convincingly suggest that Plaintiff has waived the Doctrine of Equivalents argument in this case; nor can either defendant sincerely claim that either was unaware of Plaintiff's reliance on the same. As is set forth herein, and is clear from their very own submissions, Defendants are (*and have been*) fully aware that Plaintiff has not limited himself to a finding of literal infringement. Any argument by Defendants to the contrary are simply untrue and, *at least*, is being presented to further cloud the issues in an effort to distract the Court from the actual issues presented in this case.

### NO HARM, PREJUDICE, OR UNFAIR DELAY RESULTS TO DEFENDANTS TO SUPPORT OR WARRANT A MOTION TO STRIKE EVIDENCE

Defendants have not and cannot assert any harm, prejudice, or unfair delay from the submission of Robert Pershes' Supplemental Expert Report. In fact, as set forth above, Plaintiff timely filed the expert report as provided for under Rule 26(a) of the Federal Rules of Civil Procedure, and, *more importantly*, no party can claim surprise for the reasons previously set forth herein. Nevertheless, even if untimely filed, Defendants have submitted absolutely no argument or legitimate reason that would empower this Court to strike Pershes' supplemental report.

To this end, it is well settled that when considering whether to exclude evidence before trial, courts routinely consider the following factors in making its determination:

1) the surprise to the party against whom the witness was to have testified;

      2) the ability of the party to cure the surprise;

      3) the extent to which allowing the testimony would disrupt the trial;

      4) the explanation for the party's failure to name the witness before trial; and

      5) the importance of the testimony.

*MicroStrategy Inc. v. Business Objects, S.A.*, 429 F. 3d 1344, 1357 (Fed. Cir. 2005). Applying these factors to this case *sub judice* illustrates that, even assuming that Pershes' report was untimely filed, Defendants' request to strike must be denied.

    For example, as to the first two factors, evidence arising during the *discovery* period (not at or after trial) cannot be considered a prejudicial "surprise", let alone the kind of surprise that cannot be "cured." More specifically, even if the information contained in Pershes' report was received late, Defendants still have the absolute opportunity to depose him and inquire into the substance of his expert conclusions. Indeed, there is even case law precedent to suggest that a simple deposition can cure any such prejudice. *See, e.g., Arlaine & Gina Rockey, Inc. v. Cordis Corp.*, 2004 U.S. Dist. LEXIS 30763 (S.D. Fla. Jan. 5, 2004) (motion to exclude expert testimony on opinions relating to the Doctrine of Equivalents was denied where the court, instead, required the expert to be made available for deposition so the parties could inquire into his opinions). On this score, Defendant has yet to depose Pershes regarding his expert opinions. Thus, in the event Defendants decide to depose Pershes, each will have ample opportunity to inquire into the reasons for his expert opinions, especially issues of infringement, whether literally or under the Doctrine of Equivalents. Based on the foregoing, the facts of this case overwhelmingly weigh against striking Pershes' Report based on the first two factors set forth in *Business Objects, S.A., supra*.

    Furthermore, although the fourth factor is not applicable here as Pershes was timely identified as an expert in this case, the scales tip heavily in Plaintiff's favor on the third and fifth factors identified in *Business Objects, S.A., supra*. In fact, the inclusion of Pershes' opinion on the issue of Doctrine of Equivalents would not disrupt the trial; rather, such testimony would substantially assist a trier of fact in reaching a fair and just conclusion on this issue of patent infringement. Likewise, in the interest of promoting a fair and just trial <u>*on the merits*</u> of this case, the opinions submitted by Pershes on the issue of infringement are necessary. As such, inclusion of his testimony would be of critical importance in reaching a fair and final resolution of the issues in this case, thereby causing all of the above factors to weigh in favor of denying Defendants motion to strike.

    In sum, regardless of whether Pershes' report was timely filed (*which it was*), Defendants' have presented absolutely no evidence (or argument) of harm, prejudice, or unfair surprise or delay.

Consequently, the Court should not condone Defendants' attempt to block Plaintiff from fairly presenting evidence on infringement, an issue that is hotly contested.

Finally, it should be noted that while Defendants' Response and Motion to Strike argues that Plaintiff has somehow improperly injected the Doctrine of Equivalents into this case, the prayer for relief included in their pleading seeks to strike portions of Pershes' Supplemental/Rebuttal report "under the headings of 'Doctrine of Equivalents' and 'Means for Analysis.'" [D.E. 251 at 3-4]. Despite the lack of any argument as to the alleged basis Defendants argue that "Means for Analysis" was improperly rebutted by Pershes' in his report, it is unequivocal the "Means for Analysis" are opinions stated in Pershes' May 30, 2008 report which, as set forth above, was timely submitted. Bottom line, the Pershes Report should not be stricken on any level.

WHEREFORE, for all of the above stated reasons, Plaintiff respectfully request this Court deny in its entirety Defendants Motion to Strike Plaintiff's expert report of Mr. Pershes filed May 30, 2008 and grant such other relief as the Court deems appropriate. In addition, for all of the reasons set forth in Plaintiff's *Markman* Brief, the Court should adopt Plaintiff's claim construction.

Respectfully Submitted,

TRIPP SCOTT, P.A.
*Attorneys for Plaintiff*
110 Southeast 6th Street, 15th Floor
Fort Lauderdale, Florida 33301
Telephone: (954) 525-7500
Facsimile: (954) 761-8475


By:   /s/ Alexander D. Brown
      Alexander D. Brown, Esq.
      Fla. Bar No. 752665

I HEREBY CERTIFY that on the 26th day of June, 2008, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is begin served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic filing.

**Dated this 26th day of June, 2008.**

/s/ Alexander D. Brown
TRIPP SCOTT, P.A.
110 SE Sixth Street, 15th Floor
Ft. Lauderdale, Florida 33301
Telephone: 954.525.7500
Facsimile: 954.761.8475
Attorneys for Plaintiffs

**SERVICE LIST**
Michael Powell vs. The Home Depot U.S.A., Inc. and Industriaplex, Inc.
CASE NO.:  07-80435-CIV-HURLEY/HOPKINS
United States District Court, Southern District of Florida

| COUNSEL FOR THE HOME DEPOT USA, INC. | COUNSEL FOR INDUSTRIAPLEX, INC. |
|---|---|
| Eileen Tilghman Moss, Esq. | Andrew William Ransom, Esq. |
| Edward A. Moss, Esq. | David Andrew Gast, Esq. |
| Shook Hardy & Bacon | Malloy & Malloy |
| 201 S Biscayne Boulevard | 2800 SW 3rd Avenue |
| Suite 2400 | Miami, FL 33129 |
| Miami, Florida 33131-4332 | Fax: 305-858-0008 |
| Fax: 305-358-7470 | Email:  aransom@malloylaw.com |
| Email:  elmoss@shb.com | dgast@malloylaw.com |
| emoss@shb.com | |

B. Trent Webb, Esq.
Bart Starr, Esq.
Kenneth P. Kula, Esq.
Shook Hardy & Bacon
2555 Grand Boulevard
Kansas City, MO 64108-2613
Fax: 816-474-6550
Email:  bwebb@shb.com
bstarr@shb.com
kkula@shb.com