UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

MICHAEL S. POWELL, an individual,   CASE NO.: 07-80435-CIV-
                                      HURLEY/HOPKINS
    Plaintiff,

vs.

THE HOME DEPOT USA, INC., a Delaware corporation,

    Defendant.
_____/

## PLAINTIFF'S RESPONSE IN OPPOSITION TO INTERVENOR'S MOTION TO DISQUALIFY TRIPP SCOTT, P.A. AS PLAINTIFF'S ATTORNEY FOR ADJUDICATION OF INTERVENOR'S CHARGING LIEN.

Plaintiff, Michael S. Powell ("Powell" or "Plaintiff"), an individual, by and through the undersigned, hereby files this Response to the Intervenor, MAYBACK & HOFFMAN, P.A.'S Motion to Disqualify Tripp Scott, PA ("Tripp Scott") as Plaintiff's Attorney for Adjudication of Intervenor's charging lien, and states:

### BACKGROUND

Having litigated this matter against the Plaintiff from May of 2011 through February of 2012, the Intervenor has suddenly determined that the undersigned firm has an irreconcilable conflict which requires its disqualification as counsel. This is a transparent attempt by the Intervenor to impose additional cost and hardship on the Plaintiff based on a non-existent conflict. However, even if an identifiable conflict of interest were at issue, the Intervenor has waived any such conflict by litigating this matter against the undersigned firm, without objection, for a period of approximately ten months.

The motivation behind the Intervenor's motion can be inferred from the statements recounted in Scott D. Smiley's recent Motion to Intervene [DE 856]. Therein, Smiley represents

that the Intervenor's president, Gregory Mayback told Smiley that he "doesn't care if [he] tie[s] the award up for two years" because he "do[es]n't need the money." [DE 856, p. 2]. Even without the insight afforded by Smiley's motion, it is apparent from its prior motion practice that the Intervenor seeks to protract these proceedings in order to delay the distribution of Plaintiff's proceeds of the underlying judgment and thereby secure a greater advantage for itself. This motion is yet another example of that strategy. As detailed below, there is no legal basis for the Court to conclude that Tripp Scott should be disqualified, and any argument that could be advanced by the Intervenor to this end has been waived by the Intervenor's delay in bringing a disqualification motion.

## MEMORANDUM OF LAW

### A.   *The Intervenor's Motion Fails to Establish a Conflict of Interest*

The Eleventh Circuit recognizes a strong presumption against motions to disqualify counsel. *See In re BellSouth Corp.* 334 F.3d 941, 961 (11th Cir, 2003)("Because a party is presumptively entitled to the counsel of his choice, that right may be overridden only if 'compelling reasons' exist."); *Doe v. Fulton-Dekalb Hosp. Authority* 2006 WL 2990442, 4 (N.D.Ga.,2006)("Motions to disqualify counsel are highly disfavored in the law because the threat of disqualification can be a powerful tactical weapon.")  "The party moving to disqualify counsel bears the burden of proving the grounds for disqualification." *In re BellSouth Corp.* 334 F.3d 941, 961 (11th Cir. 2003).

In order to meet this heavy burden and disqualify an opposing attorney, a party must establish that "[1] it once enjoyed an attorney-client relationship with the opposing lawyer and [2] 'the matters embraced within the pending suit are substantially related to the matters or cause of action wherein the attorney previously represented it.' " *Shivers v. International Broth. of Elec. Workers Local Union 349,* 262 Fed.Appx. 121, 126-27 2008 WL 90144, 4 (11th Cir. 2008)

(quoting *Cox v. American Cast Iron Pipe Co.,* 847 F.2d 725, 728 (11th Cir.1988). It is clear that no attorney-client relationship which would satisfy the first prong of this test has ever existed between the Intervenor and Tripp Scott. However, the Intervenor cites to *Garfinkel v. Mager* 57 So.3d 221, 225 (Fla. 5th DCA, 2010) and *Greene v. Greene*, 391 N.E.2d 1355 (1979), for its position that a "joint venture" relationship may also disqualify an attorney from representing a client against a former joint venturer.

The Intervenor's argument is unavailing, as the relationships reviewed in both *Garfinkel* and *Greene* are readily distinguishable from the Intervenor's relationship with Tripp Scott. Notably, the Court in *Garfinkel* did not review a motion to disqualify counsel. Instead, the case arose from a declaratory judgment action to determine the enforceability of a settlement agreement between Garfinkel and Mager. Mager was a former associate of Garfinkel's law firm, who had entered into a settlement agreement to resolve a dispute over unpaid compensation. One provision of the agreement specified that Mager would not serve as counsel in any future lawsuit against Garfinkel or his firm. *Id.* at 222-23.  Mager was privy to unique confidences as a result of his employment by Garfinkel, as recounted by the Court:

> Mager had not only been the managing partner for Garfinkel, P.A., but had also served as personal counsel for Alan Garfinkel, individually. Furthermore, appellees expressly acknowledged in the settlement agreement that Mager's services to Garfinkel had been "special, unique and extraordinary" and that he had acquired confidential information concerning Garfinkel's operations—"the use or disclosure of which could cause Garfinkel substantial losses and damages which could not be readily calculated and for which no remedy at law would be adequate." The confidential information alleged to be possessed by Mager included financial data, accounting information, legal strategies, business plans, dealings with expert witnesses, and other information that potentially would give an adversary an unfair tactical advantage in litigation.

*Id.* at 224-25.

Upon review of the settlement agreement, and accepting the foregoing allegations as true, the appellate Court simply held that Garfinkel had stated a cause of action for enforcement of the

settlement agreement's prohibition on Mager representing clients adverse to Garfinkel. *Id.* at 225-26.

A similar rationale was applied in *Greene v. Greene*, an appellate decision from a New York appellate court. 391 N.E. 2d 1355 (N.Y. 1979). There, the Court held that two former attorneys from the defendant law firm should be prohibited from representing a plaintiff in a suit against that firm. Notably, however, affidavits submitted by the defendant firm detailed that the firm's former employees "gained confidential information in their capacity as members of the firm." *Id.* at 1358. It was even alleged that, prior to leaving the firm, one or both attorneys were privy to partnership-level discussions concerning the law firm's potential liability for the conduct which was at issue in the plaintiff's lawsuit. *Id.* The Court disqualified the former attorneys, noting that it could not "discount the possibility that information obtained by [the former attorneys] in their role as fiduciaries will be used in the pending lawsuit. *Id.* at 1359.

Both *Garfinkel* and *Greene* are cases in which the subject attorneys had obtained confidential information through their previous relationship with a defendant law firm, and then sought to use that information against the defendant firm. The Intervenor makes no allegation here, and certainly submits no evidence which would meet its burden of proving that Tripp Scott has obtained confidential information through its "joint venture" which would be detrimental to the Intervenor in the subject matter at issue in this litigation. As such, Tripp Scott's "joint venture" with the Intervenor is not analogous to an attorney-client relationship, and the Intervenor's Motion for disqualification could be denied on this basis alone.

Moreover, even if an attorney-client-like relationship could be identified between Intervenor and Tripp Scott, the subject matter of any such relationship (*i.e.* the patent litigation) is entirely unrelated to the present fee dispute. "Before a client's former attorney can be

disqualified from representing adverse interests, it must be shown that the matters presently involved are substantially related to the matters in which prior counsel represented the former client." *Hernandez v. Royal Caribbean Cruises Ltd.* 2010 WL 3522210, 7 (S.D.Fla., 2010). Matters are considered to be 'substantially related' "if they involve the same transaction or legal dispute, or if the current matter would involve the lawyer attacking work that the lawyer performed for the former client." *Id.*

Litigation of the Intervenor's fee will not involve either party attacking the results of the patent litigation, nor will it entail the use of confidential information gained by either party in the course of the patent litigation. As a result, there can be no basis to disqualify Plaintiff's choice of counsel, Tripp Scott, from representation in this matter.

  **B.**  ***Any Conflict of Interest has been Waived by the Intervenor.***

A second, independent basis for the denial of the Intervenor's motion lies in the fact that the Intervenor has acquiesced in Tripp Scott's representation of the Plaintiff for approximately ten months since it filed its intervention petition, and has only now sought to raise the issue of disqualification to gain a tactical advantage. Under these circumstances, there can be no doubt that the Intervenor has waived any argument it might have been able to put forward regarding disqualification. *See Quail Cruises Ship Management Ltd. v. Agencia De Viagens CVC Limitada* 2010 WL 2926042, 5 (S.D.Fla.,2010)(citing *Cox v. American Cast Iron Pipe Co.*, 847 F.2d 725, 729 (11th Cir.1988)("failure to make a timely objection regarding opposing counsel may result in waiver.")

Decisions from courts of this Circuit have found that a party waived grounds for disqualification of an opposing attorney after delays of far less than the ten months that the Intervenor has delayed in this case. In *Concerned Parents of Jordan Park v. Housing Authority*

of *City of St. Petersburg, Fla.*, 934 F.Supp. 406, 408 (M.D.Fla.1996), the Defendant waited **five months** after the case was filed to move for disqualification of opposing counsel, despite knowing the attorneys' identities for "several months" before the filing of the action. The court found that the Defendant had waived its right to move for disqualification. *Id.* Similarly in *Quail Cruises*, *supra,* this court denied disqualification of an attorney where the movant had three months warning about the impending litigation and that the fact of the subject attorney's involvement, yet still waited **six months** after the Complaint was filed to move for disqualification. *Id.* at 6.

A federal bankruptcy court collecting federal precedent summarized the pertinent case law by stating, "[i]n determining whether the moving party has waived its right to object to the opposing party's counsel, consideration should be given to the (1) length of the delay bringing the motion to disqualify; (2) when the movant learned of the conflict; (3) whether the movant was represented by counsel during the delay; (4) why the delay occurred; and (5) whether disqualification would result in prejudice to the non-moving party." *In re Jet 1 Center, Inc.* 310 B.R. 649, 654 (Bkrtcy.M.D.Fla.,2004) (citing *Central Milk Producers v. Sentry Food Stores, Inc.*, 573 F.2d 988, 992 (8th Cir.1978); and *Employers Ins. Of Wausau v. Albert D. Seeno Constr. Co.*, 692 F.Supp. 1150, 1165 (N.D.Cal.1988.) The court went on to note that "[i]n particular, consideration should be given and inquiry be made as to whether disqualification was delayed for tactical reasons." *Id.* at 654.

The tactical basis for the Intervenor's delay is evident in the instant case.  The Intervenor is aware that Tripp Scott has represented the Plaintiff in this matter since 2007. It has been represented by counsel since filing its Motion to Intervene in May, and prior to that time was capable of representing its own legal interests through any of the licensed attorneys in its

employ. The Intervenor has also offered no explanation for the delay. Conversely, as has already been established, the Plaintiff is represented in this matter by Tripp Scott on a contingency fee basis, and would suffer significant prejudice if forced to retain new counsel for the purpose of litigating this dispute.

The Intervenor's motion serves only the stated motive of Greg Mayback, as recounted in Scott D. Smiley's Motion to Intervene, to "tie the award up for two years" because he "do[es]n't need the money." [DE 856, p.6]. This Court should not countenance that strategy, nor should it permit the Intervenor to obtain a tactical advantage by forcing the Plaintiff to secure new counsel at this late stage in these proceedings. Instead, this Court should see that the Intervenor has only now moved to disqualify Tripp Scott because it believes that doing so will place Plaintiff at a disadvantage and permit it to obtain leverage through a delay in the distribution of Plaintiff's rightful proceeds from the judgment entered in this matter. The Plaintiff, unlike the Intervenor, is anxious to bring this matter to a conclusion on its merits.  In order to achieve that purpose, and because the Intervenor has failed entirely to demonstrate a basis for Tripp Scott's disqualification, the Intervenor's Motion should justifiably be denied.

Dated this 16th day of February, 2012.

          Respectfully Submitted,

          /s/ Alexander D. Brown
          ALEXANDER D. BROWN, ESQ.
          FLA. BAR NO. 752665
          adb@trippscott.com
          PETER G. HERMAN, ESQ.
          FLA. BAR. NO. 353991
          pgh@trippscott.com
          TRIPP SCOTT, P.A.
          110 SE Sixth Street, 15th Floor
          Ft. Lauderdale, Florida 33301
          Telephone: 954.525.7500
          Facsimile: 954.761.8475
          *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on the 16th day of February, 2012, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic filing.

                                              /s/ Alexander D. Brown
                                              **Alexander D. Brown, Esq.**
                                              Fla. Bar No.: 0752665

## SERVICE LIST
**Michael Powell vs. The Home Depot U.S.A., Inc.**
**CASE NO.: 07-80435-CIV-HURLEY/HOPKINS**
**United States District Court, Southern District of Florida**

| COUNSEL FOR THE HOME DEPOT USA, INC. | COUNSEL FOR MAYBACK & HOFFMAN |
|---|---|
| Eileen Tilghman Moss, Esq. | J. Joseph Givner, Esq. |
| Edward A. Moss, Esq. | Higer Lichter & Givner, LLP |
| Shook Hardy & Bacon | 18305 Biscayne Boulevard, Suite 302 |
| 201 S Biscayne Boulevard | Aventura, FL 33160 |
| Suite 2400 | Fax: 305-933-0998 |
| Miami, Florida 33131-4332 | Email: jgivner@hlglawyers.com |
| Fax: 305-358-7470 | |
| Email: elmoss@shb.com | |
| emoss@shb.com | |
| | |
| B. Trent Webb, Esq. | |
| Bart Starr, Esq. | |
| Kenneth P. Kula, Esq. | |
| Shook Hardy & Bacon | |
| 2555 Grand Boulevard | |
| Kansas City, MO 64108-2613 | |
| Fax: 816-474-6550 | |
| Email: bwebb@shb.com | |
| bstarr@shb.com | |
| kkula@shb.com | |